UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 05-16-HRW

LARRY D. FANKELL,                                                                 PLAINTIFF,

v.                    **MEMORANDUM OPINION AND ORDER**

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,                        DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to challenge a final decision of the Defendant denying Plaintiff's application for a period of disability and disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed his current application for disability insurance benefits on March 18, 2003, alleging disability beginning on February 1, 2003, due to high blood pressure, hearing loss, arthritis, gout, and spurs in his spine (Tr. 16). The application was denied initially and on reconsideration (Tr. 16). On September 10, 2004, Administrative Law Judge Andrew J. Chwalibog (hereinafter "ALJ")

held an administrative hearing (Tr. 16). At the hearing, claimant, accompanied by counsel, testified, as did Dr. Dean Owen, a vocational expert (hereinafter "VE") (Tr. 16).

Plaintiff was fifty-seven years old at the time of the hearing decision (Tr. 16). He has a high school education, and his past relevant work experience consists of work as a steel mill laborer (Tr. 16).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On September 28, 2004, the ALJ issued his unfavorable decision finding that Plaintiff was not disabled (Tr. 18-19). At Step 1 of the sequential analysis, the ALJ found that Plaintiff has not engaged in substantial gainful activity since February 1, 2003, the alleged onset date of disability (Tr. 17). The ALJ then determined, at Step 2, that Plaintiff does not suffer from any condition deemed to be "severe" within the meaning of the Regulations (Tr. 17-19). Accordingly, the ALJ found that Plaintiff was not disabled at Step 2 of the sequential evaluation process (Tr. 18-19).

On January 13, 2005, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner. (Tr. 4). Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Record Nos. 4 and 5], and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d

383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

**B.    Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because the ALJ failed to accord proper deference to the opinion of Plaintiff's treating physicians in determining that Plaintiff does not suffer from a severe impairment.

**C.    Analysis of Contentions on Appeal**

Plaintiff's only claim of error is that the ALJ failed to accord proper deference to the opinion of his treating physicians in determining that Plaintiff did not suffer from a severe impairment (Plaintiff's Motion, p. 10). The Court finds Plaintiff's claim to be without merit.

A severe impairment is an impairment which significantly limits a claimant's physical or mental abilities to do basic work activities. *See*, 20 C.F.R. § 404.1520(c). The impairment must last for a continuous period of at least twelve months. 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 404.1509, 404.1520(a)(4)(ii); *Barnhard v. Walton*, 535 U.S. 212, 217 (2002). The claimant bears the burden of proving that he is disabled. *See*, 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 404.1512(a); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001).

Here, the ALJ determined that the objective medical evidence did not support a finding that Plaintiff suffered from a severe impairment or impairments during the relevant time period (Tr. 18). Plaintiff claims that, in doing so, the ALJ improperly accepted the assessment of Dr. Rita Ratliff, a state agency non-examining physician, rather than the assessment of his treating physicians, Dr. Jason Rice and Dr. Charles J. Hieronymus (Plaintiff's Motion, p. 3-4). Specifically, Dr. Ratliff opined that Plaintiff did not suffer from any restrictions, whereas Dr. Rice opined that Plaintiff suffers from the severe impairments of shortness of breath and osteoarthritis, and Dr. Heironymus determined that Plaintiff suffers from severe hearing loss.

It is true that the medical and diagnostic opinions of treating physicians "are generally accorded substantial deference, and if the opinion is uncontradicted, complete deference." *King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984).

However, such deference is due "only if the treating physician's opinion is based on sufficient medical data." *Houston v. Secretary of HHS*, 736 F.2d 365, 367 (6th Cir. 1984). In other words, the weight afforded a physician's opinion depends upon the extent it is supported by objective medical signs and laboratory findings and is consistent with the record as a whole, as well as the specialty of the medical source, and other factors. *See*, 20 C.F.R. §§ 404.1527(d), 416.927(d). A treating physician's opinions may be rejected when good reasons are identified for not accepting them. *Hall v. Bowen*, 837 F.2d 272, 276 (6th Cir. 1988).

First, Plaintiff argues that the severity of his shortness of breath is established by Dr. Rice's treatment notes of June 20, 2004, wherein Dr. Rice noted Plaintiff's complaints of shortness of breath, wheezing and cough, and determined that Plaintiff had diminished breath sounds in both lung fields. The Court notes, however, that the ALJ considered Dr. Rice's opinion with regard to Plaintiffs' alleged shortness of breath and identified reasons for not according it controlling weight (Tr. 18). Specifically, the ALJ noted that, although Dr. Rice found diminished breath sounds, Dr. Rice also found a normal respiratory rate and pattern, with no rales, ronchi, wheezing, or pleuritic rubs (Tr. 18). The ALJ likewise pointed out that a pulmonary function study performed by Cardiopulmonary Laboratories, Inc. revealed only "very mild" restrictive airway disease with no wheezing present (Tr. 168). Finally, the ALJ found that Plaintiff's

smoking habits undermines his allegations of significant limitations related to a pulmonary condition, in that Plaintiff continues to smoke up to one half a pack of cigarettes per day (Tr. 18).

Because the ALJ determined the severity of Plaintiff's shortness of breath to be unsupported by the objective medical evidence, not to mention Dr. Rice's own treatment notes, the Court concludes that the ALJ properly disregarded Dr. Rice's opinion that Plaintiff suffers from diminished breath sounds. Accordingly, the ALJ's finding that Plaintiff's shortness of breath did not amount to a severe impairment is supported by the substantial evidence of record.

Next, Plaintiff claims that Dr. Rice's finding of osteoarthritis and its resulting severity is supported by the objective medical evidence, including an MRI showing arthritic spurring of the lumbar spine. Yet, the Court notes that the ALJ specifically considered Dr. Rice's opinion with regard to Plaintiff's alleged osteoarthritis and identified reasons for not according it controlling weight (Tr. 18). Specifically, the ALJ determined that Dr. Rice's opinion was unsupported by objective findings or diagnostic testing as well as inconsistent with the entirely normal examination by Dr. Ratliff (Tr. 18).

As correctly pointed out by the Defendant, although Dr. Rice noted paralumbar muscle spasm, he also found that Plaintiff had normal range of motion in the SI joints of the lumbar spine and intact neurological status (Tr. 18). Dr.

Rice's examination of Plaintiff's back revealed that the C and T spines had no abnormal curvatures and were not tender, and further, that Plaintiff had full range of motion in the C spine (Tr. 173). Dr. Rice also noted that Plaintiff's sacrum showed no deformities and no point tenderness (Tr. 173). In October 2003, Dr. Rice noted that Plaintiff was "[d]oing very well" and that his back pain was stable (Tr. 155). As observed by the ALJ, there is no evidence that Dr. Rice ever referred Plaintiff for further evaluation of his back and no history of surgical intervention (Tr. 18).

The ALJ also noted that Dr. Rice's opinion was inconsistent with the entirely normal examination by Dr. Ratliff. Dr. Ratliff's examination revealed that Plaintiff's spine was normal and that there was no evidence of motor or neurologic deficit (Tr. 17). Dr. Ratliff also found that there was no evidence that Plaintiff's back pain would interfere with performing the usual occupational activities (Tr. 17). As Dr. Rice's opinion about Plaintiff's limitations was contradicted by both Dr. Rice's own objective findings and Dr. Ratliff's examination, the ALJ was entitled to accord Dr. Rice's finding of severe osteoarthritis less deference. Accordingly, the Court concludes that the ALJ's finding that Plaintiff's osteoarthritis did not amount to a severe impairment is supported by the substantial evidence of record.

Finally, Plaintiff asserts that the severity of his alleged hearing loss is

corroborated by an audiogram showing "substantial hearing loss due to industrial noise." As correctly pointed out by the Defendant, however, although the audiogram showed bilateral hearing loss, the Plaintiff failed to show that his hearing loss interfered with his ability to perform basic work activities. *See*, 20 C.F.R. §§ 404.1520(c), 404.1521(a); *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Circuit 1988) ("The mere diagnosis [of a condition], of course, says nothing about the severity of the condition."). While Dr. Ratliff noted Plaintiff's hearing loss, he nonetheless found that Plaintiff could hear and carry on normal conversational speech without any difficulty and did not require the use of hearing aids (Tr. 18).

Although Dr. Heironymus diagnosed bilateral hearing loss, chronic tinnitus, and impaired speech discrimination by history, the Court concludes that the ALJ was entitled to accord more weight to Dr. Ratliff's opinion that Plaintiff did not display any functional limitations. It is, after all, the duty of the Commissioner to weigh the evidence and resolve any conflicts in the medical evidence. *Richardson v. Perales*, 402 U.S. 389, 399 (1971); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) ("This Court may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility."). The Court finds that the ALJ properly performed his duty as trier of fact in resolving the conflicting evidence, and concludes that the ALJ properly rejected Dr. Heironymus' opinion, which the ALJ found to be inconsistent with the record as a whole. Accordingly, the Court

finds that substantial evidence supports the ALJ's determination that Plaintiff's hearing impairment was non-severe.

As stated *supra*, the ALJ's decision is not subject to reversal, "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997). The Plaintiff has failed to prove that the ALJ did not reach his conclusion based on substantial evidence.

### III. CONCLUSION

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 27th day of September, 2005.

HENRY R. WILHOIT, JR.
SENIOR U. S. DISTRICT JUDGE